UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI
www.flsb.uscourts.gov

IN RE: GABRIEL MARTINEZ,　　　　　　　　　　Case No. 16-19485-AJC

　　　Debtor.　　　　　　　　　　　　　　　　　Chapter 7
_____/

FIRST NATIONAL BANK OF OMAHA,　　　　　　**COMPLAINT SEEKING**
　　　　　　　　　　　　　　　　　　　　　　　**EXCEPTION TO DISCHARGE**
　　　Plaintiff,　　　　　　　　　　　　　　　**PURSUANT TO 11 U.S.C.**
　　　　　　　　　　　　　　　　　　　　　　　**§523 (a) (2) (A) AND/OR**
v.　　　　　　　　　　　　　　　　　　　　　　**§523 (a) (2) (C)**

GABRIEL MARTINEZ,　　　　　　　　　　　　　A.P. No.

　　　Defendant.　　　　　　　　　　　　　　　Hon. Judge Cristol
_____/

**PLAINTIFF'S COMPLAINT TO**
**DETERMINE DISCHARGABILITY OF DEBT**

　　　**COMES NOW** Plaintiff, First National Bank of Omaha, by and through its undersigned counsel, and files this Complaint against the Debtor, GABRIEL MARTINEZ, and avers and alleges as follows:

**I. Parties and Jurisdiction**

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §1334 and §157.

2. This matter is a core proceeding pursuant to 28 U.S.C. §157.

3. The Debtor filed a Petition, and an Order for Relief was entered under 11 U.S.C Chapter 7 on July 6, 2016. The first meeting of the creditors was scheduled for August 3, 2016, the bar date for filing Complaints to Determine the Dischargeability of Debts has not yet passed.

4. The Plaintiff is a named creditor in the above referenced bankruptcy proceeding and is objecting to the discharge of a debt in this bankruptcy.

## II. Facts and Background

5. The Debtor, Gabriel Martinez, was issued a credit card account by First National Bank of Omaha, number xxxx-xxxx-xxxx-7463, which account was opened on September 13, 2012.

6. On April 20, 2016, the account was in good standing and the balance of the abovementioned account was $0.00.

7. Between April 21, 2015 and May 15, 2015, i.e., in less than a month, the Debtor made purchases on this account totaling $3,450.20, which exceeded the Debtor's available credit limit. *See* account statements, attached hereto and incorporated herein, marked as **Exhibit A**.

8. The Debtor never made a single payment on this Account during this time period and prior to filing bankruptcy.

9. The Debtor's charges set forth in **Exhibit A**, included but were not limited to:

    a. A $2,000.00 charge to Rana Furniture;

    b. A $383.68 charge to Finish Line;

    c. A $204.36 charge to Sheffield Financial; and

    d. A $149.80 charge to Deep Sea.

    *See* account statements, attached hereto and incorporated herein, marked as **Exhibit A**.

10. At the time of filing bankruptcy, the Debtor had a negative net income.

11. Given the Debtor's monthly income, monthly living expenses, and circumstances as set forth in her sworn Schedules and sworn Statement of Financial Affairs, at the time the Defendant incurred the abovementioned $3,450.20 in charges on this account, the Debtor's monthly disposable income was not sufficient to pay even the minimum monthly payments on her unsecured debt.

### III. First Cause of Action

12. Paragraphs 1 through 11 are hereby repeated and incorporated as if fully set forth herein.

13. The Debtor made approximately $3,450.20 in purchases on the abovementioned account within 90 days of filing bankruptcy.

14. To the extent that the Debtor incurred luxury good purchases or services aggregating more than $675.00 within ninety days of filing this Chapter 7 bankruptcy, said luxury good purchases or services are presumed nondischargeable pursuant to 11 U.S.C. §523 (a) (2) (C)(i).

15. Based on the sudden change in spending, the frequency of charging, and the location and the amounts of the transactions, it appears that the $3,450.20 in charges made during the 90-day period were for luxury and/or non-necessity type goods or services and should not be discharged.

16. Based on the foregoing, the charges incurred for luxury goods or services over $675.00 are non-dischargeable pursuant to 11 U.S.C. §523 (a) (2) (C).

### IV. Second Cause of Action

17. Paragraphs 1 through 16 are hereby repeated and incorporated as if fully set forth herein.

18. Pursuant to the account agreement, the Debtor agreed to repay Plaintiff for the charges on the account by using the card and represented that she had the ability to repay for the charges.

19. When the Debtor made the $3,450.20 in charges on this account, the Debtor represented that she had the intention to repay said debt to the Plaintiff pursuant to the terms of the account agreement and by use of the card.

20. The dates, places, and items purchased during the relevant time period are listed in the account statements marked as **Exhibit A**, and attached hereto.

21. The Plaintiff relied upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement in allowing the Debtor to use this account and incur the charges between April 21, 2015 and May 15, 2015, as set forth in **Exhibit A**, attached hereto.

22. Although the Debtor knew or should have known that she would not be able to repay Plaintiff for these charges, the Debtor continued using the card.

23. The Debtor exceeded the available credit limit in a short period of time and then ceased making payments on the Account.

24. The Plaintiff monitored the Defendant's card activity and credit worthiness on a monthly basis and there were no indications or "red flags" that Defendant would not repay Plaintiff for these charges.

25. The Plaintiff was justified in its reliance upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement to abide by the terms of the account agreement.

26. The Debtor's spending habits and patterns changed significantly and drastically during this relevant time period.

27. The Debtor did not use this Account for several months prior to the spending in question.

28. The Debtor incurred the abovementioned $3,450.20 in charges on the Plaintiff's account at a time when the Debtor was unable to meet her existing financial obligations as they became due.

29. Based upon the above, at the time the Debtor incurred the abovementioned $3,450.20 charges, the Debtor intended to deceive the Plaintiff in that she either had no intention to

repay said debt to the Plaintiff pursuant to the terms of the account agreement or the Debtor knew or should have known that she had no ability to repay said debt to the Plaintiff.

30. Based upon the above, at the time the Debtor incurred the abovementioned $3,450.20 in charges, the Debtor deceived the Plaintiff in that she made such representations of intent to repay the Plaintiff pursuant to the terms of the account agreement and representations of agreement with knowledge that the debtor was unable to repay Plaintiff or to abide by the terms of the account agreement with a reckless disregard as to the truthfulness of said representations.

31. Therefore, the Debtor obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debt owed to the plaintiff was in the amount of $3,450.20 and for the above reasons, this indebtedness to Plaintiff, First National Bank of Omaha, is nondischargeable in bankruptcy pursuant to 11 U.S.C. §523 (a) (2) (A).

## V. Prayer for Relief

**WHEREFORE,** Plaintiff, First National Bank of Omaha, respectfully prays that this Court:

A. Determine that the Debtor's indebtedness to the Plaintiff is an exception to discharge pursuant to 11 U.S.C. §523 (a) (2) (A) and/or §523 (a) (2) (C);

B. Grant judgment to the Plaintiff, First National Bank of Omaha, against the Debtor, Gabriel Martinez, in the amount of $3,450.20, plus the $350.00 Adversary Proceeding filing fee, for a total of $3,800.20 plus interest from the date of the bankruptcy filing, plus the Plaintiff's other costs and disbursements incurred for the collection of this debt and of this action as permitted by applicable law; and

C.  Grant the Plaintiff such other and further relief as to this Court seems just and proper.

Dated:  September 29, 2016.

        /s/ Eric S. Haug                                         .
Eric S. Haug
Florida Bar No. 850713
Eric S. Haug Law & Consulting, P.A.
401 East Virginia Street
Tallahassee, Florida 32301
(850) 583-1480 (telephone)
(855) 825-4449 (facsimile)
Primary E-mail: eric@erichaug.com
Secondary E-mail: ehaug2@gmail.com

Counsel for Plaintiff
FIRST NATIONAL BANK OF OMAHA